# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-3061-02-CR-S-RED |
| LISA STRAIT DESTEFANO et al., | ) ) ) |
| Defendants. | ) |

## ORDER

The Court held a teleconference on January 3, 2012 and addressed the pending motions in the above captioned case. Participating in the teleconference was Randy Eggert, Assistant United States Attorney, and John Kizer, appointed counsel for Defendant. Defendant's request to have *pro se* appearance and argument on these motions is **DENIED**. Pursuant to the teleconference, this Court **ORDERS** that, with regard to Defendant's Motion to Require Government to Produce Proposed Jury Instructions (Doc. 105), Plaintiff shall file their proposed jury instructions by Wednesday January 4, 2012 and Defendant shall file his proposed jury instructions by Friday January 6, 2012.

With regard to Defendant's Motion for Discovery/Disclosure (Doc. 137) Defendant shall talk to the U.S. Marshal's office to obtain the information requested therein. Defendant's request number one is **SUSTAINED**. Moreover, Defendant's request number two is **DENIED**. Finally, Defendant's request number three is **SUSTAINED** but is limited to the name of any Assistant U.S. Marshal or law enforcement officer or government employee who talked to Defendant Derrick Haggard or overheard any threat spoken by Defendant Derrick Haggard against Co-defendant/Witness Lisa Strait-Destefano or any other witness or co-defendant.

With regard to Defendant's Motion in Limine (Doc. 140), the requests number three and eight are **SUSTAINED** while Defendant's requests numbers four, five and six are **SUSTAINED** unless Defendant testifies. Moreover, Defendant's requests numbers one, seven, and nine are **DENIED** and Defendant's request number two is **DENIED** but Plaintiff is limited to the evidence which reveals that Lisa Strait Destefano was in a halfway house at the time that Defendant met her and that Ms. Destefano told Defendant why she was in the halfway house; however, Plaintiff is not to mention that Defendant was a resident in the halfway house.

Moreover, after careful and independent review of the Defendant's Motion to Dismiss (Docs. 111 and 112, which are one and the same), this Court agrees with and **ADOPTS** the Report and Recommendation of United States Magistrate Judge (Doc. 128) in full. Therefore, Defendant's Motion to Dismiss is **DENIED** pursuant to the Report and Recommendation of the Magistrate Judge and the Court's ruling above.

Finally, Defendant's Motion to Suppress (Doc. 135) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 3, 2012      /s/ Richard E. Dorr
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT